(December 1, 1914.)

L. H. CAUTHORN, Trustee of the Estate of A. C. DUN-
NING and GUY OLIN, Partners Doing Business Under
the Firm Name and Style of "THE TOGGERY," in
Bankruptcy, Appellant, v. ANDREW LOUNSBURY,
Respondent.

[144 Pac. 1113.]

APPEAL from the District Court of the Fourth Judicial
District for Cassia County. Hon. Edward A. Walters, Judge.

Action by a trustee in bankruptcy to have a certain chattel
mortgage declared illegal and void, and to have the mortgage
properly turned over to the bankrupt's estate. Judgment
for defendant. Plaintiff appeals. Judgment *affirmed.*

W. E. Abraham and James H. Wise, for Appellant.

The mortgagee Lounsbury, defendant herein, permitted
the bankrupts, Dunning and Olin, to remain in possession
of the property for a period of six months, and to sell and
dispose of the property without collecting any part of the
mortgage debt, or taking possession of the property, or hav-
ing the mortgagors account to him and collecting the pro-
ceeds of sales and applying upon his indebtedness. This was
as a matter of law, such a fraud upon creditors and pur-
chasers as to avoid the mortgage *in toto.* (*Lewiston National
Bank v. Martin,* 2 Ida. 734, 23 Pac. 920; *Ryan v. Rogers,* 14
Ida. 309, 94 Pac. 427; *Stevens v. Curran,* 28 Mont. 366, 72
Pac. 753; *Wilson v. Voight,* 9 Colo. 614, 13 Pac. 726; *Roch-
eleau v. Boyle,* 11 Mont. 451, 28 Pac. 872; *Martin v. Holloway,*
16 Ida. 513, 102 Pac. 3, 25 L. R. A., N. S., 110; *In re Hicker-
son,* 162 Fed. 345.)

"Knowledge on the part of the mortgagee that mortgagor
is disposing of his stock at retail in the usual course of busi-
ness without applying the proceeds to the payment of the
debt, is sufficient evidence of the mortgagee's consent to such

a sale to warrant a conclusion of fraudulent intent and avoiding the mortgage." (*Hayes Woolen Co. v. Gallagher,* 58 Minn. 502, 60 N. W. 343; *Scott Hardware Co. v. Riddle,* 84 Mo. App. 275, 282.)

S. T. Lowe, for Respondent.

The plaintiff must show three things, in addition to the insolvency of the bankrupt at the time of the execution of the mortgage, to wit: (1) That the mortgage was given for a fraudulent purpose and that the mortgagee had notice of the fraudulent intent on the part of the mortgagors; (2) That the mortgage was given for a past consideration and for a present consideration; (3) That the consideration was paid with knowledge of the fraud. (*Galbreath v. Cook,* 30 Ark. 417; *Carnahan v. McCord,* 116 Ind. 67, 18 N. E. 177; *Hedman v. Anderson,* 6 Neb. 392.)

The plaintiff failed to plead negligence or misconduct on the part of the mortgagee in foreclosing the mortgage, and the facts of the case as shown by the record, do not support the rule therein laid down.

TRUITT, J.—This case is controlled in its principles of law by the decision just announced in *L. H. Cauthorn, Trustee v. Burley State Bank, ante,* p. 532, 144 Pac. 1108. The facts, however, are more favorable to the defendant in this case than in that. In *Cauthorn v. Burley State Bank,* the mortgage was given to secure a pre-existing indebtedness, but in this case the court found that "the certain note and mortgage were executed and delivered to the defendant, Andrew Lounsbury, for money loaned by the said Andrew Lounsbury to A. C. Dunning and Guy Olin at the time the said note and mortgage were executed, and not for a pre-existing indebtedness; that the money for which the said note and mortgage were executed and delivered was paid to the said A. C. Dunning and Guy Olin and by them used in carrying on their mercantile business aforesaid." We think the evidence fully sustains this finding; and upon the authority of

said case of *Cauthorn v. Burley State Bank,* the judgment of the lower court is affirmed in this case, and costs awarded to respondent.

Sullivan, C. J., concurs.